IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY J. BREWER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-1246-O |
| | § | |
| RUSS AUTHIER, Sheriff,[1] | § | |
| Parker County, Texas, | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

On November 10, 2021, the clerk of Court received correspondence from Petitioner, Larry

J. Brewer, who was apparently a pretrial detainee in Parker County jail at the time. In the

correspondence he stated (all spelling, punctuation, and/or grammatical errors are in the original):

> My name is Larry J. Brewer. I am being held unlawfully in Parker County jail. I have
> been raped, beat up, denied hospitalization, medical treatment. I need an attorney, or
> a federal judge to hand down a mandate to release me on a personal recognense bond.
> I am not guilty of any crime, allegedly I had a debit card with someone else name on
> it in my possesion thats it. Wich is not true I am a former Tarrant County deputy
> sheriff out of Judge Milbourne court at the old Tarrant County courthouse.

The correspondence was construed as a petition for a writ of habeas corpus under 28 U.S.C.

§ 2241 and the instant case was opened. However, on this date, the Parker County sheriff's website

reflects that Petitioner was released from custody on November 10, 2021, on a $10,000 surety bond

and that no offenders by Petitioner's name or booking number remain in the custody of the Parker

County jail. PARKER CTY. SHERIFF'S OFFICE, JAIL SEARCH,

https://txparkerodyprod.tylerhost.net/Public Access/JailingSearch (last visited Nov. 24, 2021).

---

[1] In a habeas proceeding brought by a prisoner, the proper respondent is the immediate physical custodian of the prisoner. *Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004). Petitioner is confined at the Parker County jail and is therefore in the custody of the Parker County sheriff. The Court therefore directs the clerk of Court to add "Russ Authier, Sheriff, Parker County, Texas" as the party respondent.

Petitioner has not notified the Court of his current address.

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen,* 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. United States Dep't of Labor,* 172 F.3d 1262, 1267 (10th Cir. 1999)). Petitioner has not provided a change of address to the clerk of Court and his whereabouts are unknown. Furthermore, Petitioner's release on bond renders the petition moot.

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as moot. Further, for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 24th day of November, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

2